Filed 12/12/22 P. v. Mendoza CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089455 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2011-0004791, SF115887B) |
| v. | |
| EMMANUEL MATHEW MENDOZA, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

Defendant Emmanuel Mathew Mendoza appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1172.6.[2]

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we will refer to it as section 1172.6 throughout this opinion.

1

In 2012, a jury found defendant guilty of first degree murder with a special circumstance that he had been engaged in an attempted robbery, plus enhancements. We affirmed the judgment on appeal. (*People v. Mendoza et al.* (June 3, 2014, C071775) [nonpub. opn.].) Thereafter, defendant sought resentencing pursuant to section 1172.6, and the trial court denied his petition based on the jury's finding that defendant was a major participant in aiding and abetting the attempted robbery who acted with reckless indifference to human life. Defendant appealed and, in an unpublished opinion, we affirmed, agreeing with the trial court that the jury's finding barred him from resentencing as a matter of law. (*People v. Mendoza* (Nov. 1, 2021, C089455) [nonpub. opn.].)

Our Supreme Court granted review and ultimately transferred the matter back to us with directions to vacate our decision and reconsider the cause in light of its recent decision, *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). We now conclude the trial court's denial of the petition is inconsistent with section 1172.6 and *Strong*. Accordingly, we reverse and remand for further proceedings.

BACKGROUND

The underlying facts are not relevant to the resolution of this appeal. It suffices to say that defendant and several other men robbed their friend at gunpoint. The friend struggled with the perpetrators for the weapon and was shot and killed.

The jury was instructed with CALCRIM No. 703 that to find the special circumstance allegation true, it had to find that defendant was the actual killer, acted with intent to kill, or was a major participant who acted with reckless indifference to human life.[3] The jury found defendant guilty of first degree murder with a special circumstance

---

[3] As relevant here, CALCRIM No. 703, as given, provides: "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstances of Murder While Engaged in Attempted Robbery, you must also decide whether the defendant acted either with intent to kill or with reckless

2

that he had been engaged in robbery (§§ 187, subd. (a), 190.2, subd. (a)(17)(A)) and attempted second degree robbery (§§ 664, 112), and further found true the allegation that the principal in the offenses was armed with a firearm (§ 12022, subd. (a)(1)), and that defendant committed both offenses for the benefit of, at the direction of, and in association with, a criminal street gang. (§ 186.22, subd. (b)(1).) Thereafter, the trial court sentenced defendant to life without the possibility of parole for murder, plus eight years, in state prison. On appeal, we affirmed defendant's convictions, and specifically found that the jury's special circumstance finding was legally applicable to defendant and was supported by substantial evidence.

In March 2019, defendant filed a petition for resentencing under section 1172.6. The declaration attached to his petition stated that (1) an information was filed against him that allowed the prosecution to proceed under a theory of first degree felony murder; (2) he was convicted by jury of first degree murder pursuant to the felony-murder rule and/or the natural and probable consequences doctrine, with the jury finding the special circumstance allegation to be true; and (3) he could not now be convicted of murder because of the changes made to sections 188 and 189, effective January 1, 2019, because he was not the actual killer, did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of first degree murder, and was not a major participant who acted with reckless indifference to human life during the course of the crime. Defendant did not request appointment of counsel.

---

indifference to human life. [¶] In order to prove this special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor or a member of a conspiracy, the People must prove either that the defendant intended to kill, or the People must prove all of the following: [¶] 1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life."

In his petition, defendant conceded that the jury necessarily found his robbery-murder special circumstance allegation true. However, his petition argued that the jury's special circumstance finding is no longer supported by substantial evidence in light of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), in which the court construed "major participant" and "reckless indifference to human life" in a manner that differed from earlier constructions of these phrases.

The trial court, relying on our 2014 *Mendoza* opinion and the jury instructions from defendant's trial, denied the petition. It concluded that because the jury found the robbery special circumstance true, it necessarily found defendant was a major participant in the crime who acted with reckless indifference to human life. It further relied on the language from our opinion that substantial evidence supported the jury's finding that defendant acted with reckless indifference to human life.

## DISCUSSION

In a supplemental brief following transfer from the Supreme Court, defendant argues the trial court erred in denying his petition for resentencing at the prima facie stage by relying on the special circumstance finding, in view of *Strong, supra*, 13 Cal.5th 698. The People did not file a response. We agree with defendant.

A.    *Legal background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate the natural and probable consequences doctrine as it relates to murder. (Stats. 2018, ch. 1015; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275.) To that end, Senate Bill 1437 amended sections 188 and 189 and added section 1172.6.

Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder. As relevant here, a participant in the perpetration or attempted perpetration of a felony listed in subdivision (a), defining first degree murder, in which a death occurs, is liable for murder if the person was a major participant in the

4

underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of section 190.2. (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1172.6 to delineate the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences doctrine or other theory . . . ." (§ 1172.6, subd. (a).) Once a defendant submits a petition, and the court performs an initial review for missing information and appoints counsel for defendant, subdivision (c) of section 1172.6 provides: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

B.    *Eligibility for relief with special circumstances present*

Section 190.2, subdivision (d) provides that for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery and burglary, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks, supra*, 61 Cal.4th 788 and *Clark, supra*, 63 Cal.4th 522. In *Banks*, the Supreme Court identified a series of considerations, none of which are "necessary, nor is any one of them necessarily sufficient," for determining whether a defendant was a major participant: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal

weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks*, at p. 803, fn. omitted.)

Similarly, in *Clark*, the Supreme Court found " 'reckless indifference' " to "encompass[] a willingness to kill (or to assist another in killing) to achieve a distinct aim . . . ." (*Clark, supra*, 63 Cal.4th at p. 617.) It also provided a nonexhaustive list of factors to consider in making this determination, including use of or awareness of the presence of a weapon or weapons, physical presence at the scene and opportunity to restrain confederates or aid victims, the duration of the crime, knowledge of any threat the confederates might represent, and efforts to minimize risks. (*Id*. at pp. 618-623.)

In *Strong*, the Supreme Court addressed the impact of *Banks* and *Clark* on section 1172.6 petitions for defendants with special circumstance findings. The Supreme Court found "*Banks* and *Clark* both substantially clarified the law governing findings under [] section 190.2, subdivision (d)" such that they "represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue." (*Strong, supra*, 13 Cal.5th at pp. 706, 717.) Consequently, prior circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong*, at p. 710.) Thus, a defendant with a special circumstance finding applying for relief through a section 1172.6 petition may still be ineligible for relief, but it must be determined beyond a reasonable doubt the defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* analyses. (*Strong*, at p. 720.) And though a special circumstance finding can be challenged through a habeas corpus

6

petition, "nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing." (*Strong*, at p. 713.)

C.  *Analysis*

Here, defendant filed a facially sufficient petition. However, the trial court relied on defendant's prior special circumstance finding to conclude he failed to make a prima facie case for eligibility under section 1176.2, subdivision (c). Specifically, it concluded that (1) the jury found defendant was a major participant in the crime who acted with reckless indifference to human life; and (2) the jury's special circumstance finding was supported by substantial evidence, and thus defendant was ineligible for relief. Following *Strong*, these reasons are not valid. Although the requirements for the felony-murder special circumstance did not change as a part of Senate Bill 1437, defendant is not barred from making a prima facie case for relief based on the pre-*Banks*/*Clark* special circumstance finding. (*Strong, supra*, 13 Cal.5th at pp. 710, 713.) Moreover, although the trial court could have determined defendant was a major participant who acted with reckless indifference to human life under the *Banks*/*Clark* standards, it was required to make this finding under the beyond-a-reasonable-doubt standard following an evidentiary hearing under section 1172.6, subdivision (d). (*Strong*, at p. 720.) And, the trial court provided no additional reasons for denying defendant's petition at this stage. Accordingly, we must conclude that defendant has made a prima facie showing. We therefore direct the trial court to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed and the matter is remanded for the trial court to conduct further proceedings consistent with section 1172.6, subdivision (d).


                                                           KRAUSE         , J.


We concur:


    MAURO          , Acting P. J.


    BOULWARE EURIE  , J.